THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES, | CASE NO. C18-0957-JCC |
| Plaintiff, | ORDER |
| v. | |
| PRITPAL SINGH, also known as A.J., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's complaint (Dkt. No. 4) and motion to appoint counsel (Dkt. No. 5). On June 29, 2018, United States Magistrate Judge Brian A. Tsuchida granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) This Court has reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and concludes that the complaint fails to state a claim upon which relief can be granted.

Plaintiff alleges a federal civil rights claim pursuant to 42 U.S.C. § 1983. (Dkt. No. 4 at 4–5.) The named Defendant is an employee of a 7-Eleven convenience store in Seattle. (*Id*. at 2.) Plaintiff alleges that while he was shopping at this 7-Eleven, Defendant repeatedly referred to him and his brother using a racial slur. (*Id*. at 7) ("I told the clerk AJ that he shouldn't use that derogatory term. He continued calling myself and my brother a nigga and nigger for about 20 mins."). Plaintiff lists his injury as "humiliation" and seeks "monetary damages of $1,000,000 and the most punitive damages possible." (*Id*. at 8.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, a complaint must contain sufficient factual matter, accepted as true, that demonstrates the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To sustain a section 1983 claim, Plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Private citizens are generally not liable under section 1983 because they do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Here, Defendant is not a state actor, but an employee of a private business. (Dkt. No. 4 at 2.) In addition, Plaintiff makes no allegations that Defendant conspired or acted in concert with anyone else, let alone a state actor. (*See generally id.*) Plaintiff's allegations, although appalling, fail to state a claim under section 1983. This is true even when the Court liberally construes Plaintiff's *pro se* complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Moreover, the Court cannot conceive of any factual allegations that would make Plaintiff's section 1983 claim, or any federal claim, viable. Therefore, the Court concludes that it is appropriate to dismiss Plaintiff's complaint without leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (dismissal without leave to amend appropriate where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff's complaint is DISMISSED without prejudice and without leave to amend. Plaintiff's motion to appoint counsel (Dkt. No. 5) is DENIED as moot.

//

//

1 DATED this 12th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0957-JCC
PAGE - 3